IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JO R.,[1]                                                                    No. 1:19-cv-01551-HZ

           Plaintiff,                                            OPINION & ORDER

    v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

           Defendant.

Katherine Eitenmiller
Katie Taylor
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street
Eugene, OR 97401

        Attorneys for Plaintiff

Renata Gowie
Assistant United States Attorney
District of Oregon
1000 SW Third Avenue, Suite 600
Portland, OR 97204

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this Opinion uses the same designation for a non-governmental party's immediate family member.

1 – OPINION & ORDER

Erin F. Highland
Social Security Administration
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff Jo R. brings this action seeking judicial review of the Commissioner's final decision to deny supplemental security income ("SSI") benefits. This Court has jurisdiction pursuant to 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1383(c)(3)). The Court reverses the Commissioner's decision and remands this case for further administrative proceedings.

## PROCEDURAL BACKGROUND

Plaintiff applied for SSI on November 18, 2015, alleging an onset date of November 18, 2015. Tr. 22.[2] Her application was denied initially and on reconsideration. *Id.*

On September 21, 2018, Plaintiff appeared with counsel for a hearing before an Administrative Law Judge ("ALJ"). Tr. 40. On October 5, 2015, the ALJ found Plaintiff not disabled. Tr. 32. The Appeals Council denied review. Tr. 1.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on knee pain, degenerative disc disease, bulging disc, sciatica, right heel pain, and post-traumatic stress disorder. Tr. 55, 224. At the time of her alleged onset date, Plaintiff was fifty-one years old. Tr. 30, 220. She has less than a high school education and past relevant work experience in animal care. Tr. 30, 43.

///

---

[2] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record, filed herein as Docket No. 9.

**SEQUENTIAL DISABILITY EVALUATION**

A claimant is disabled if they are unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Disability claims are evaluated according to a five-step procedure. *See Valentine v. Comm'r*, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. *Id.*

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Id.*

In step three, the Commissioner determines whether the claimant's impairments, singly or in combination, meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform their "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to

the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. *Yuckert*, 482 U.S. at 141–42; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets their burden and proves that the claimant can perform other work that exists in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity after her alleged onset date. Tr. 24. Next, at steps two and three, the ALJ determined that Plaintiff has the following severe impairments: "Degenerative Disc Disease (DDD) of the Lumbar Spine; Degenerative Joint Disease (DJD) of the Right and Left Foot; Post-Traumatic Stress Disorder (PTSD); and Depressive Disorder." Tr. 24. However, the ALJ determined that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 25. At step four, the ALJ concluded that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) with the following limitations:

> [T]he claimant can frequently balance, stoop, crouch and kneel. She can occasionally crawl and occasionally climb ladders, ropes or scaffolds. The claimant can understand, remember and carry out only short and simple instructions and can make simple work-related judgments and decision[s]. She can have occasional interactive contact with the public and frequent interactive contact with co-workers or supervisors.

Tr. 27. Because of these limitations, the ALJ concluded that Plaintiff could not perform her past relevant work. Tr. 30. But at step five, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as Housekeeper, Marking Clerk, and Router. Tr. 31. Thus, the ALJ concluded that Plaintiff is not disabled. Tr. 32.

///

///

4 – OPINION & ORDER

**STANDARD OF REVIEW**

A court may set aside the Commissioner's denial of benefits only when the Commissioner's findings "are based on legal error or are not supported by substantial evidence in the record as a whole." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (internal quotation marks omitted). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). The court considers the record as a whole, including both the evidence that supports and detracts from the Commissioner's decision. *Id.*; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). "Where the evidence is susceptible to more than one rational interpretation, the ALJ's decision must be affirmed." *Vasquez*, 572 F.3d at 591 (internal quotation marks and brackets omitted); *see also Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) ("Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's") (internal quotation marks omitted).

**DISCUSSION**

Plaintiff argues that the ALJ erred by improperly evaluating her subjective symptom testimony, improperly rejecting the medical opinion of Scott Alvord, PsyD, and improperly rejecting the lay witness opinion of Plaintiff's son.

**I.    Subjective Symptom Testimony**

Plaintiff argues that the ALJ erred by failing to provide clear and convincing reasons supported by substantial evidence in the record to reject Plaintiff's subjective testimony.

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). Once a claimant shows an underlying impairment and a causal

relationship between the impairment and some level of symptoms, clear and convincing reasons are needed to reject a claimant's testimony if there is no evidence of malingering. *Carmickle v. Comm'r*, 533 F.3d 1155, 1160 (9th Cir. 2008) (absent affirmative evidence that the plaintiff is malingering, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on clear and convincing reasons") (quotation marks and citation omitted); *see also Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (the ALJ engages in a two-step analysis for subjective symptom evaluation: First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged"; and second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms.") (quotation marks and citations omitted).

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

The ALJ clearly identified only one reason to reject Plaintiff's testimony in her decision. The ALJ found that Plaintiff's claim that she suffers from significant pain in her feet and can only stand and walk for short periods is inconsistent with her release to full activity after her surgeries and her failure to seek additional treatment thereafter. Tr. 29. The parties have discerned three possible reasons that the ALJ rejected Plaintiff's testimony from the ALJ's decision: (1) there are minimal records demonstrating that Plaintiff sought treatment for her mental health impairments, Tr. 28; (2) she received minimal treatment for her back pain, Tr. 29; and (3) her foot pain resolved with surgery, Tr. 29. Pl. Op. Br. 11, ECF 13; Def. Br. 7–9, ECF 14. The Commissioner argues, however, that the ALJ did not have to provide any reasons to reject Plaintiff's subjective symptom testimony because her alleged limitations were included in the RFC. Def. Br. 7.

The Court first turns to the Commissioner's argument that the ALJ did not err because Plaintiff cannot show that her subjective symptom testimony was inconsistent with the RFC. In support of that argument, the Commissioner relies on *Meanel v. Apfel*, 172 F.3d 1111 (9th Cir. 1999), for the proposition that clear and convincing reasons are not required when there is no conflict between the claimant's subjective symptom testimony and the RCF. The Commissioner is incorrect. In *Meanel*, the Ninth Circuit held that the ALJ was not required to provide clear and convincing reasons when the ALJ accepted—rather than rejected—a medical opinion. 175 F.3d at 1113. That case has no bearing on the ALJ's duty to make findings "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony." *Orteza*, 50 F.3d at 750. More importantly, the Court disagrees with the Commissioner's argument that the RFC incorporates all the limitations identified by Plaintiff.

7 – OPINION & ORDER

For instance, Plaintiff testified that she cannot kneel due to knee pain. Tr. 53. That testimony is inconsistent with the RFC's assessment that Plaintiff can frequently kneel. Tr. 27.

Turning to the reasons identified by the parties, Plaintiff's minimal treatment for back pain is a clear and convincing reason to discount her testimony. *Parra v. Astrue*, 481 F.3d 742, 750–51 (9th Cir. 2007) ("evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding [the] severity of an impairment."). The ALJ did not explain which portions of Plaintiff's testimony her minimal or conservative back pain treatment undermined. Plaintiff's treatment for her back pain included two emergency room visits, x-rays, several primary care visits, and a referral for a lumbar MRI and neurosurgery evaluation. Tr. 306–09 (Plaintiff complained of low back and hip pain radiating to the anterior thigh to the knee; Plaintiff had gait disturbance, limping, and weakness; MRI ordered and neurosurgery referral made); Tr. 310 (history of chronic back pain now with an acute hip issue for the last month; pain wakes Plaintiff at night; right hip x-ray ordered); Tr. 313 (worsening right hip pain for last three days with radiation to the thigh; pain worse with sitting and bending at hip; instability on exam); Tr. 327 (lumbar spine x-ray showing mild lumbar levoscoliosis, severe degenerative disc disease at L4-L5, and moderate disc narrowing at L5-S1); Tr. 443 (worsening moderate to severe lower back pain for four years; pain with walking; back pain potentially due to compensating for foot pain); Tr. 467–69 (emergency department visit for left-sided back spasms); Tr. 470 (emergency department visit for right hip, knee, and lower back discomfort). Despite receiving a referral to a neurosurgeon, Plaintiff does not appear to have followed through with obtaining that evaluation. *See* Tr. 52 ("I'm not going to have surgery on my back, seeing what it did to my father."). Thus, to the extent that the ALJ found that Plaintiff's "minimal" back treatment was a reason to reject her subjective symptom testimony, it was supported by substantial evidence in the record.

The parties also identified Plaintiff's minimal treatment for her mental health impairments as a possible reason the ALJ rejected Plaintiff's subjective symptom testimony. The ALJ noted that "[t]here are minimal records available in the file to show that the claimant has ever sought treatment for her mental health impairments." Tr. 28. That is a clear and convincing reason to reject Plaintiff's testimony concerning her mental health impairments. An "unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment" is a clear and convincing reason to reject a claimant's testimony. *Molina*, 674 F.3d at 1113. However, the Ninth Circuit has explained that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (quotation marks and citation omitted). That is true particularly when "the record affords compelling reason to view . . . departures from prescribed treatment as part of claimants' underlying mental afflictions." *Id.* The record demonstrates that Plaintiff has post-traumatic stress disorder, is "paranoid regarding people's intentions and motives," nervous around people, panicked, motivated to isolate, experiences auditory hallucinations, and her suspiciousness of authority figures has prevented her from seeking follow-up treatment. Tr. 56, 480–83. Plaintiff testified that the reason she has not sought mental health treatment is "[b]ecause I have to go talk to people." Tr. 58.

Plaintiff's explanation that her PTSD symptoms and nervousness around others was the reason that she failed to seek mental health treatment is undermined by the frequency with which she sought treatment for her other impairments. Consequently, Plaintiff's failure to seek mental health treatment was a clear and convincing reason to discredit her subjective symptom testimony concerning the limiting effects of her mental impairments.

The ALJ rejected Plaintiff's subjective symptom testimony concerning her bilateral foot pain because "[t]here is no indication in the claim file that the claimant had increased pain with her feet" following her bilateral foot surgeries. Tr. 29. In support of that finding, the ALJ noted that Plaintiff's surgeon, after performing surgery on Plaintiff's left foot in February 2017 and her right foot in February 2018, noted in April 2018 that Plaintiff reported wearing athletic shoes full time, and her surgeon released her to full activities with no restrictions and instructed her to wear orthotics. Tr. 29 (citing Tr. 411). An "unexplained or inadequately explained failure to seek treatment or follow a prescribed course of treatment" is a clear and convincing reason to reject a claimant's testimony. *Molina*, 674 F.3d at 1113. Although Plaintiff described that she feels like her foot is in a vice, her feet hurt all the time, her son pushes her in a wheelchair to get around the grocery store and, if she does not rest her feet after short periods of standing and walking, she will be unable to walk by the afternoon. Tr. 50, 55. The record contains no indication that Plaintiff followed up with her surgeon or sought treatment elsewhere for her foot pain after April 2018. Thus, substantial evidence supports the ALJ's rejection of Plaintiff's subjective symptom testimony concerning her feet limitations because she failed to seek treatment.

## II.   Medical Opinion Testimony

Plaintiff argues that the ALJ erred by rejecting the opinion of Scott Alvord, PsyD. Pl. Op. Br. 5–9. Dr. Alvord conducted a psychological evaluation of Plaintiff in August 2018. Tr. 479–83. He reviewed records, conducted psychological testing, and conducted an interview of Plaintiff. *Id.* Dr. Alvord also completed a "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" (MSS) dated the same date as his psychological evaluation report. Tr. 474–78. The ALJ gave Dr. Alvord's opinion little weight because (1) he examined Plaintiff only once; (2) he examined Plaintiff at the request of her attorney in support of her disability

claim; and (3) he "did not indicate where the limitations he indicated on the MSS came from, as he did not indicate such limitations within the written report of his examination." Tr. 28. The ALJ did not identify any medical opinions that conflicted with Dr. Alvord's opinions.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle*, 533 F.3d at 1164. In general, the opinion of a treating physician is given more weight than the opinion of an examining physician, and the opinion of an examining physician is afforded more weight than the opinion of a nonexamining physician. *Ghanim*, 763 F.3d at 1160; *Orn*, 495 F.3d at 632; 20 C.F.R. § 416.927(c). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [it will be given] controlling weight." *Orn*, 495 F.3d at 631 (internal quotations omitted) (alterations in original); *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (same); 20 C.F.R. § 416.927(c). "When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo*, 871 F.3d at 675; 20 C.F.R. § 416.927(c)(2)–(6).

To reject the uncontroverted opinion of a treating or examining physician, the ALJ must present clear and convincing reasons. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. *Ford v. Saul*, 950 F.3d 1141, 1154–55 (9th Cir. 2020). To meet this burden, the ALJ must set out a "detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). When evaluating conflicting

11 – OPINION & ORDER

opinions, an ALJ is not required to accept an opinion that is not supported by clinical findings or is brief or conclusory. *Bray*, 554 F.3d at 1228.

As to the first reason the ALJ gave little weight to Dr. Alvord's opinion, the ALJ may not discount an examining doctor's opinion simply because Plaintiff's attorney arranged the evaluation. *See Ratto v. Sec'y, Dep't Health & Human Servs.*, 839 F. Supp. 1415, 1426 (D. Or. 1993) (finding that examining doctor's opinion obtained by the plaintiff's counsel was "no less trustworthy because the examination was procured by the plaintiff rather than the secretary.") (citing *Rodriguez v. Bowen*, 876 F.2d 759, 761–62, n.6 (9th Cir. 1989)). As a result, the ALJ erred by discounting Dr. Alvord's opinion based on Plaintiff's counsel's arrangement of the examination.

The ALJ's decision to discount Dr. Alvord's opinion because Dr. Alvord evaluated Plaintiff only once also fails to meet the clear and convincing standard. Generally, the ALJ should give more weight to the opinion of a doctor who examined a claimant than a doctor who did not examine a claimant. 20 C.F.R. § 416.927(c)(1). When determining what weight to give any doctor's opinion, the ALJ just consider the supportability of the opinion, consistency with the record, and specialization of the physician. 20 C.F.R. § 416.927(c)(2)–(6). The ALJ did not find Dr. Alvord's opinion inconsistent with the record, unsupported, or comment on Dr. Alvord's specialization. As a result, although Dr. Alvord's opinion was based on a single evaluation, that was not a legitimate reason to discount his findings. *See Enger v. Colvin*, No. 14-cv-05317 JRC, 2014 WL 4723930, at *3 (E.D. Wash. Sept. 23, 2014) (finding that ALJ erred by discounting examining psychiatrist's opinion on the basis that it provided only a "snapshot" of claimant's functioning).

The final reason the ALJ discounted Dr. Alvord's opinion also fails to meet the clear and convincing standard. The ALJ gave little weight to Dr. Alvord's opinion in part because he "did not indicate where the limitations he indicated on the MSS came from, as he did not indicate such limitations within the written report of his examination." Tr. 28. The two reports had different purposes. Dr. Alvord's report was written to document his analysis of the state of Plaintiff's psychological functioning. Dr. Alvord completed the MSS to document his findings concerning her ability to work with her psychological limitations. Dr. Alvord's report was based on a review of a prior psychological evaluation, a clinical interview, mental status examination, three psychological tests, and his observations of Plaintiff during the interview. The clinical findings documented in Dr. Alvord's report clearly informed his assessment in the MSS of how Plaintiff's limitations affected her ability to function in a work setting. Dr. Alvord was not required to duplicate his findings in both reports. As a result, this is not a clear and convincing reason to discount his testimony.

### III.    Lay Witness Testimony

Plaintiff argues that the ALJ erred by failing to consider the lay witness statement of Plaintiff's son. Pl. Op. Br. 13. The ALJ may discount a lay witness opinion if she provides reasons that are germane to the witness. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). The record includes a statement completed by Plaintiff's son. Tr. 252–59. It is unclear from the ALJ's decision whether the ALJ considered the statement because there is no mention of it in the decision. The ALJ was obligated to consider the entire record, including lay witness statements. *Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006) (citations omitted). The ALJ thus erred by failing to consider the statement of Plaintiff's son.

The Commissioner argues that the error was harmless because the same evidence on which the ALJ based her rejection of Plaintiff's subjective symptom testimony also discredits the lay witness statement of Plaintiff's son. Def. Br. 10 (citing *Molina*, 674 F.3d at 1122). The Court agrees. Because the ALJ properly rejected Plaintiff's subjective symptom testimony concerning her impairments and each of the reasons apply equally to the testimony of Plaintiff's son, the error in failing to evaluate Plaintiff's son's lay witness statement was harmless. *Molina*, 674 F.3d at 1122.

**IV.    Remand for Payment of Benefits**

Plaintiff argues that the Court should credit Dr. Alvord's testimony as true and remand for an immediate payment of benefits. Pl. Op. Br. 11, 16, 20. The decision whether to remand for further proceedings or for immediate payment of benefits is within the Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). To determine which type of remand is appropriate, the Ninth Circuit uses a three-part test. *Garrison*, 759 F.3d at 1020; *see also Treichler v. Comm'r*, 775 F.3d 1090, 1100 (9th Cir. 2014) ("credit-as-true" rule has three steps). First, the ALJ must fail to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion. *Garrison*, 759 F.3d at 1020. Second, the record must be fully developed, and further administrative proceedings would serve no useful purpose. *Id.* Third, if the case is remanded and the improperly discredited evidence is credited as true, the ALJ would be required to find the claimant disabled. *Id.* To remand for an award of benefits, each part must be satisfied. *Id.*; *see also Treichler*, 775 F.3d at 1101 (When all three elements are met, "a case raises the 'rare circumstances' that allow us to exercise our discretion to depart from the ordinary remand rule" of remanding to the agency.) (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988)). Even if those requirements have

been met, the district court retains the flexibility to remand the case for further proceedings, particularly when the record as a whole creates serious doubts that the claimant is disabled. *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014).

The Court finds that the ordinary remand rule is the proper remedy in this case. Because the ALJ properly weighed most of the evidence, it is unclear whether the opinion of Dr. Alvord, when properly weighed, would alter the ALJ's non-disability determination. Accordingly, the Court remands this case for further administrative proceedings.

## CONCLUSION

Based on the foregoing, the Commissioner's decision is REVERSED and REMANDED for further administrative proceedings.

IT IS SO ORDERED.

DATED: \_\_\_August 17, 2021\_\_\_\_\_.

_____
MARCO A. HERNÁNDEZ
United States District Judge

15 – OPINION & ORDER